IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFF CORY SMITH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0941-BD |
| | § | |
| DANIEL SHERMAN, ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Defendants have filed a motion for summary judgment in this prisoner civil rights action brought under 42 U.S.C. § 1983 and Texas law. In his complaint, plaintiff alleges that the Dallas County Jail medical staff failed to immediately transport him to a hospital after he sustained injuries, including a severed ear, in a fight with another inmate. While en route to the hospital, the van driver, Daniel Sherman, stopped at a convenience store to purchase a soft drink, which further delayed plaintiff's medical treatment. Plaintiff now sues Sherman and Dallas County, Texas for deliberate indifference to his medical needs under federal law and for negligence under Texas law. Defendants move for summary judgment as to both claims.[1] The motion has been fully briefed by the parties and is ripe for determination.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). A party seeking summary

---

[1] Defendants also seek dismissal of what they interpret to be a claim for race discrimination under 42 U.S.C. § 1981. Although plaintiff's complaint references this statute, no facts are alleged which suggest that defendants discriminated against him on the basis of race. Nor does plaintiff argue a potential race discrimination claim in his summary judgment response. To the extent plaintiff ever intended to sue for race discrimination under 42 U.S.C. § 1981, the court deems any such claim abandoned.

judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

In order to prove his medical care claim, plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Deliberate indifference is an extremely high standard to meet. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Mere delay in the rendering of medical treatment does not, in itself, rise to the level of a constitutional violation. *Burtton v. Gritter*, No. 3-95-CV-504-FP, 1995 WL 729312 at *4 (N.D. Ind. Nov. 17, 1995) (citing cases). "Delay of treatment for a serious condition can rise to the level of deliberate indifference where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." *Farrell v. Hunter*, No. 2-06-CV-454, 2006 WL 3091525 at *2 (M.D. Fla. Oct. 30, 2006), *citing Taylor v. Adams*, 221 F.3d 1254, 1259-60 (11th Cir. 2000), *cert. denied*, 121 S.Ct. 774 (2001)

There is no question that plaintiff suffered a serious injury when another inmate bit-off a portion of his ear during a fight at the jail. When plaintiff reported the incident at around 8:15 p.m on April 25, 2004, he was immediately examined by a nurse who determined that further medical treatment was required. (*See* Def. MSJ App. at 12, 46). At approximately 8:30 p.m. that evening, Daniel Sherman and another detention officer were asked to transport plaintiff by van to Parkland Memorial Hospital ("PMH") on a non-emergent basis. (*Id.* at 12-13). The two officers left the jail with plaintiff at approximately 9:00 p.m. (*Id.*). According to Sherman:

> En route to PMH I heard a loud noise in the back of the van. I pulled over into an Exxon service station located on the corner of Industrial Blvd. and Continental Avenue to investigate this matter. I got out of the van and discovered that a security gate in the van had become unsecured and I subsequently secured it.
>
> Immediately afterward I went inside the Exxon service station to purchase a soft drink while the other officer stayed with plaintiff in the van in order to maintain proper security and custody of him. I was in the store for no more than two (2) minutes before I returned to the van. We then proceeded to PMH without further delay.

(*Id.* at 13). Plaintiff arrived at the hospital at 9:24 p.m.-- 24 minutes after he left the jail and 69 minutes after the incident occurred. (*Id.*). Despite their best efforts, doctors were unable to reattach plaintiff's ear.[2]

Plaintiff believes that doctors would have been able to reattach his ear had the jail medical staff properly preserved the severed portion of the ear and had Sherman not stopped for refreshments on the way to the hospital. (*See* Plf. Am. Compl. at 2, ¶ 8). Although plaintiff argues that "[i]t takes no medical degree to know that time is of the essence in reattaching a body part," (*see* Plf. Resp. Br.

---

[2] Plaintiff objects to certain evidence submitted by defendants in support of their motion for summary judgment, including the affidavits of Walter Skinner and Leslie Sweet and hearsay statements contained in jail records explaining why doctors could not reattach his ear. (*See* Plf. MSJ Resp. at 2). The court has not relied on any of this evidence in ruling on the summary judgment motion.

at 4), there is absolutely no evidence that doctors could have reattached his ear had plaintiff arrived at the hospital sooner. Without such evidence, plaintiff cannot survive the summary dismissal of his federal civil rights claim. *See, e.g. Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 111 S.Ct. 2266 (1991) (no evidence that 10-hour delay in receiving medical treatment after plaintiff was allegedly assaulted by police officer exacerbated his injuries); *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (same as to 14-hour delay in obtaining medical treatment for cut under plaintiff's eye); *Smith v. Montefiore Medical Center-Health Servs. Div.*, 22 F.Supp.2d 275, 280 (S.D.N.Y. 1998) (no evidence that three-day delay in receiving medical treatment after exposure to asbestos affected course of treatment plaintiff would have otherwise received); *Burtton*, 1995 WL 729312 at *6 (dismissal proper where plaintiff failed to allege or prove serious harm due to delay in access to medical care).

Plaintiff also sues for negligence under Texas common law. A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); *see also Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. *See Rosado v. Wyman*, 397 U.S. 397, 403-04, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. *See Bunch v. Duncan*, No. 3-01-CV-0137-G, 2002 WL 324287 at *4 (N.D. Tex. Feb. 27, 2002), *quoting Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendant are dismissed."). Accordingly, plaintiff's negligence claim is dismissed without prejudice.

## CONCLUSION

Defendants' motion for summary judgment [Doc. #34] is granted. The court will dismiss plaintiff's federal civil rights claim with prejudice and plaintiff's negligence claim without prejudice by final judgment issued today.

SO ORDERED.

DATED: September 21, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE